WILLIAMS, J.
There seems to be no dispute as to th*e law charged by the trial court, that the suppression of the fact, when the risk was taken, that the owners of the coal and the charterers of the barge were the same persons, rendered the policy void, and enabled the plaintiff to repudiate it, and, if,"the plaintiff paid the amount of the loss while still in ignorance of this fact, it was entitled to recover back the money paid. Nor does there seem to be any dispute but that if the plaintiff acquired knowledge of this fact after the loss, and before the money was paid, it was a voluntary payment, was not paid under any mistake of fact, and could not be recovered back. The rights of the parties were therefore dependent upon the determination of the question as to when, if ever, the plaintiff acquired the knowledge of this fact. There was evidence on both sides, and quite conflicting, as to whether the plaintiff was informed of this fact after the loss, and before the payment of the money; and the finding of the jury *31 upon this branch of the case should be conclusive upon us. There was no conflict of evidence as to the question whether the plaintiff was informed of this fact at the time the risk was taken. This-question was therefore improperly submitted to the jury.. The plaintiff excepted to its submission. The court said that there was no direct evidence of the fact; that the only witnesses in that connection were those of the defendant; and he left the question to be determined' by the jury. The court permitted, the shipping clerk of the coal company to testify that he knew of the fact in question at the time the risk was taken, and his books were produced and put in evidence. This evidence,, however, did not tend to show that the plaintiff had any knowledge of the fact in question. It appeared that the books were shown to the plaintiff’s agent when the risk was taken, but that gave no information as to the fact in question. This is the only evidence to which the court could have referred in the charge, and the jury may very well have been misled by this evidence and the charge of the court, and may have based their verdict upon a finding that information of this fact was given to the plaintiff when the risk was taken. We do not think, in view of the meager evidence to support a finding that information of this fact was given to the plaintiff after the loss, and before the money was paid, that we can say that the jury based their verdict upon the finding of a voluntary payment, rather than the finding that the fact was not suppressed at the time the risk was taken. This error of the court calls for a reversal of the judgment and a new trial.
The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.